**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0580n.06
Filed: August 15, 2006

**No. 05-6000**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| JOHNNY B. CAMPBELL, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellee. | ) | |

**BEFORE:     SILER, McKEAGUE, and GRIFFIN, Circuit Judges.**

**PER CURIAM.**    In 2000, Defendant-Appellant Johnny Campbell pleaded guilty to possession with intent to distribute cocaine and felon in possession of a firearm. The district court originally sentenced him to 151 months of imprisonment. Campbell appealed, and this court remanded for resentencing. On remand, the district court sentenced him to 82 months of imprisonment on each count, to run concurrently. The court denied the Government's request for a career-offender enhancement under § 4B1.1 of the United States Sentencing Guidelines (the "Guidelines"). The Government now appeals, arguing that the district court erred in failing to apply the enhancement.

Upon consideration of the entire record and for the reasons stated from the bench at oral argument, we conclude that the district court committed clear error. There is no question on appeal that Campbell met the first two elements of the career-offender enhancement – he was at least age 18 years when he committed the instant felony offense, and he was convicted of a controlled

substance offense. As for the final element – at least two prior felony convictions of either a crime of violence or controlled substance offense – Campbell's two felony drug convictions in 1991 and his one felony drug conviction in 1989 are sufficient to qualify him as a career offender. Because the district court failed to calculate properly the advisory Guidelines range, we must vacate Campbell's sentence and remand for resentencing. *See United States v. Forrest*, 402 F.3d 678, 684 (6th Cir. 2005) ("Sentencing courts must still [post-*Booker*] take the [G]uidelines into account and must construe the [G]uidelines properly in doing so."). In vacating Campbell's sentence, we take no position on the request for a downward departure he made below to the district court.

Accordingly, Campbell's sentence is VACATED and the case is REMANDED for resentencing.